**ORIGINAL**

FILED
CLERK, U.S. DISTRICT COURT

MAR 1 6 2020

CENTRAL DISTRICT OF CALIFORNIA
BY dj                           DEPUTY

1  NICOLA T. HANNA
   United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   KEVIN J. BUTLER (Cal. Bar. No. 329129)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone:    (213) 894-6495
7       Facsimile:    (213) 894-0141
        E-mail:   kevin.butler2@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                  UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. CR **2:20-MJ-1185**

13            Plaintiff,               GOVERNMENT'S NOTICE OF REQUEST FOR
                                       DETENTION
14            v.

15  JESSE DANIEL TALAUGON,

16            Defendant.

17

18       Plaintiff, United States of America, by and through its counsel

19  of record, hereby requests detention of defendant and gives notice of

20  the following material factors:

21  ☐  1.   Temporary 10-day Detention Requested (§ 3142(d)) on the

22          following grounds:

23      ☐  a.   present offense committed while defendant was on release

24              pending (felony trial),

25      ☐  b.   defendant is an alien not lawfully admitted for

26              permanent residence; and

27      ☐  c.   defendant may flee; or

28

1   ☐   d.   pose a danger to another or the community.

2   ☒   2.   Pretrial Detention Requested (§ 3142(e)) because no

3   condition or combination of conditions will reasonably

4   assure:

5   ☒   a.   the appearance of the defendant as required;

6   ☒   b.   safety of any other person and the community.

7   ☐   3.   Detention Requested Pending Supervised Release/Probation

8   Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

9   § 3143(a)):

10   ☐   a.   defendant cannot establish by clear and convincing

11   evidence that he/she will not pose a danger to any

12   other person or to the community;

13   ☐   b.   defendant cannot establish by clear and convincing

14   evidence that he/she will not flee.

15   ☒   4.   Presumptions Applicable to Pretrial Detention (18 U.S.C.

16   § 3142(e)):

17   ☒   a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

18   (46 U.S.C. App. 1901 et seq.) offense with 10-year or

19   greater maximum penalty (presumption of danger to

20   community and flight risk);

21   ☐   b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

22   2332b(g)(5)(B) with 10-year or greater maximum penalty

23   (presumption of danger to community and flight risk);

24   ☐   c.   offense involving a minor victim under 18 U.S.C.

25   §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

26   2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

27

28

1                      2260, 2421, 2422, 2423 or 2425 (presumption of danger

2                      to community and flight risk);

3      ☐   d.    defendant currently charged with an offense described

4                      in paragraph 5a - 5e below, AND defendant was

5                      previously convicted of an offense described in

6                      paragraph 5a - 5e below (whether Federal or

7                      State/local), AND that previous offense was committed

8                      while defendant was on release pending trial, AND the

9                      current offense was committed within five years of

10                    conviction or release from prison on the above-

11                    described previous conviction (presumption of danger to

12                    community).

13  ☒  5.    Government Is Entitled to Detention Hearing Under § 3142(f)

14          If the Case Involves:

15      ☐   a.    a crime of violence (as defined in 18 U.S.C.

16                      § 3156(a)(4)) or Federal crime of terrorism (as defined

17                      in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum

18                      sentence is 10 years' imprisonment or more;

19      ☐   b.    an offense for which maximum sentence is life

20                      imprisonment or death;

21      ☐   c.    Title 21 or MDLEA offense for which maximum sentence is

22                      10 years' imprisonment or more;

23      ☐   d.    any felony if defendant has two or more convictions for

24                      a crime set forth in a-c above or for an offense under

25                      state or local law that would qualify under a, b, or c

26                      if federal jurisdiction were present, or a combination

27                      or such offenses;

28

1   ☐   e.   any felony not otherwise a crime of violence that

2        involves a minor victim or the possession or use of a

3        firearm or destructive device (as defined in 18 U.S.C.

4        § 921), or any other dangerous weapon, or involves a

5        failure to register under 18 U.S.C. § 2250;

6   ☒   f.   serious risk defendant will flee;

7   ☐   g.   serious risk defendant will (obstruct or attempt to

8        obstruct justice) or (threaten, injure, or intimidate

9        prospective witness or juror, or attempt to do so).

10  ☐ 6.  Government requests continuance of _____ days for detention

11       hearing under § 3142(f) and based upon the following

12       reason(s):

13

14  _____

15  _____

16  _____

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

☐   7.   Good cause for continuance in excess of three days exists in

that:

Dated: March 13, 2020            Respectfully submitted,

                                 NICOLA T. HANNA
                                 United States Attorney

                                 BRANDON D. FOX
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                 KEVIN J. BUTLER
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA