UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 20-00257-AB-2 |
| Plaintiff, | **PRELIMINARY ORDER OF FORFEITURE** |
| v. | |
| JESSE DANIEL TALAUGON, aka "Grumpy," | |
| Defendant. | |

Upon consideration of the stipulation of plaintiff United States of America and defendant Jesse Daniel Talaugon ("Defendant") for the entry of a preliminary order of forfeiture as to Defendant, and the guilty plea of Defendant, and good cause appearing therefor, this Court ORDERS as follows:

**I.**

**FORFEITABLE PROPERTY**

A. The interests of Defendant in the following property (the "Forfeitable Property") is hereby forfeited to the United States:

1. $4,196 in U.S. currency seized by the San Luis Obispo County Sheriff's Office on February 20, 2020, from defendant's person and from defendant's vehicle;

2. One Smith & Wesson M&P Model 9mm caliber semiautomatic pistol, bearing serial number HME3926, seized by San Luis Obispo County Sheriff's Deputies on February 20, 2020 from a residence in San Luis Obispo County occupied by defendant;

3. Seven rounds of Smith & Wesson 9mm caliber ammunition, seized by San Luis Obispo County Sheriff's Deputies on February 20, 2020 from a residence in San Luis Obispo County occupied by defendant;

4. $2,060 in U.S. currency seized by the California Highway Patrol on February 19, 2020, in Santa Barbara County from co-defendant Timothy Keith Moore;

5. One Glock Model 22, .40 caliber semiautomatic pistol, bearing an obliterated serial number, seized by the California Highway Patrol on February 19, 2020 in Santa Barbara County from co-defendant Timothy Keith Moore;

6. Eight rounds of Speed brand .40 caliber ammunition seized by the California Highway Patrol on February 19, 2020 in Santa Barbara County from co-defendant Timothy Keith Moore; and

7. One 80% "SS80" black 9mm unassembled small frame handgun with a threaded barrel, bearing no serial number seized by San Luis Obispo County Sheriff's Deputies on February 20,

2020 from a residence in San Luis Obispo County occupied by defendant.

## II.

## IMPLEMENTATION

IT IS FURTHER ORDERED as follows:

A. Upon entry of this Order, and pursuant to Fed. R. Crim. P. 32.2(b)(3) ("Rule 32.2") and 21 U.S.C. § 853(g), the United States Attorney General (or a designee) is authorized to seize (to the extent it has not already done so) the Forfeitable Property.

B. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this and any other Order affecting the Forfeitable Property. The following paragraphs shall apply to any third party ancillary proceedings conducted in this matter:

    1. Pursuant to 21 U.S.C. § 853(n)(1) and Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), the United States shall forthwith publish for at least thirty (30) consecutive days on an official internet government forfeiture website or once in a newspaper of general circulation notice of this order ), notice of the government's intent to dispose of such property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the Forfeitable Property must file a petition with the Court within

3

thirty (30) days of the final publication of notice or receipt of actual notice, whichever is earlier. The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Forfeitable Property.

2. Any person, other than the defendant, asserting a legal interest in the Forfeitable Property may, within thirty (30) days of the final publication of notice or receipt of actual notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of such person's alleged interest in the Forfeitable Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

3. Any petition filed by a third party asserting an interest in the Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in such property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

4. After the disposition of any motion filed under Rule 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted by the government in accordance with the Federal Rules of Civil Procedure.

5. The United States shall have clear title to the Forfeitable Property following the Court's disposition of all third-party interests, or, if no petitions are filed, following

the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

C.  Pursuant to Rule 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to defendant at the time of defendant's sentencing and shall be made part of defendant's sentence and included in defendant's judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2).

D.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e).

Dated: May 04, 2021

THE HONORABLE ANDRÉ BIROTTE, JR.
UNITED STATES DISTRICT JUDGE

Presented By:

TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ *Brent A. Whittlesey*
BRENT A. WHITTLESEY
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA